UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DONALD R. LEVITT, | ) | CIV-F-06-1382 AWI |
| Appellant, | ) ) | ORDER TO SHOW CAUSE WHY APPEAL SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION |
| v. | ) ) | |
| BETH MAXWELL STRATTON, | ) ) | |
| Appellee. | ) ) | |

Appellant initiated an appeal from an order of the bankruptcy court on October 4, 2006. Doc. 1. The record on appeal was thereafter completed. The district court clerk's office sent out a briefing schedule on November 3, 2006. Doc. 7. That schedule follows the time limits set out by Federal Rules of Bankruptcy Procedure 8009 for the filing of appeals briefs:

> (1) The appellant shall serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007.
>
> (2) The appellee shall serve and file a brief within 15 days after service of the brief of appellant. If the appellee has filed a cross appeal, the brief of the appellee shall contain the issues and argument pertinent to the cross appeal, denominated as such, and the response to the brief of the appellant.
>
> (3) The appellant may serve and file a reply brief within 10 days after service of the brief of the appellee, and if the appellee has cross-appealed, the appellee may file and serve a reply brief to the response of the appellant to the issues presented in the cross appeal within 10 days after service of the reply brief of the appellant.

The appellant has not yet filed any brief. "A delay [in filing] of close to three months is unreasonable" and may constitute grounds for dismissal of appeal. In re A & J Elastic Mills, Inc.,

1

34 B.R. 977, 979 (S.D.N.Y. 1983).  Dismissal is especially warranted where there is no filing even after the court specifically directs appellant to respond. West v. Falconer, 17 B.R. 929, 931 (S.D. Ill. 1982)

In general "justice is better served when controversies are decided on their merits rather than procedural technicalities." Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 707 (9th Cir. 1986), quoting In re Bienert, 48 B.R. 326, 327 (N.D. Iowa 1985).  While options should be considered, in "'egregious circumstances' a court may dismiss a case for non-compliance with procedural rules without explicit consideration of alternative sanctions." In re Donovan, 871 F.2d 807, 808-9 (9th Cir. 1989), quoting Malone v. United States Postal Service, 833 F.2d 128, 132 (9th Cir. 1987).  "The district court has the inherent power sua sponte to dismiss a case for lack of prosecution." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986), citations omitted.

Appellant is hereby ORDERED to show cause in writing why this appeal should not be dismissed for failure to prosecute within twenty (20) days of the filing of this order.

IT IS SO ORDERED.

**Dated:     March 13, 2007**
0m8i78
              /s/ Anthony W. Ishii
              UNITED STATES DISTRICT JUDGE